082026.0347(207)                    RMC:lab                              #397

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,** | ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| **v.** | ) <br> ) |
| **TONY'S FINER FOODS ENTERPRISES, INC., an Illinois corporation, TONY'S FINER FOODS NO. 6, INC., an Illinois corporation, TONY'S FINER FOODS NO. 9, INC., an Illinois corporation, and CHARLENE FIGUEROA, Individually and on behalf of all others similarly situated,** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, State Automobile Mutual Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Tony's Finer Foods Enterprises, Inc., Tony's Finer Foods No. 6, Inc., Tony's Finer Foods No. 9, Inc., and Charlene Figueroa, individually and on behalf of all others similarly situated, alleges the following:

### JURISDICTION

1.      The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in

controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage.

## VENUE

2.     Venue is premised upon 28 U.S.C. § 1391 as the Defendants are residents of this District and the transaction occurred in this District.

## THE PARTIES

3.     State Automobile Mutual Insurance Company ("State Auto") is an Ohio insurance corporation, which maintains its principal place of business in Columbus, Ohio, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4.     Tony's Finer Foods Enterprises, Inc. is an Illinois corporation with its principal place of business in Itasca, Illinois. Tony's Finer Foods No. 6, Inc. and Tony's Finer Foods No. 9, Inc., are each Illinois corporations and each has its principal place of business in Itasca, Illinois. The Tony's entities will be referred to collectively as "Tony's."

5.     Charlene Figueroa ("the Claimant") is an individual who is a citizen and resident of the State of Illinois. The Claimant has been joined herein as a defendant to the extent that she is interested.

## THE STATE AUTO POLICIES

6.     State Auto issued its policy of insurance numbered PBP 2619871-02 to Tony's as named insured. The Preferred Business Policy provided for Commercial General Liability Insurance for the effective period of March 15, 2013 to March 15,

2014. A certified true and correct copy of the State Auto policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A. The policy was renewed through a renewal policy for the period of March 15, 2014 to March 15, 2015 under policy number PBP 2619871-03, and again renewed for the period of March 15, 2015 to March 15, 2016 under policy number PBP 2619871-04. A certified copy of each renewal policy is attached hereto, made a part hereof and is marked as Pleading Exhibit B and C, respectively.

## THE UNDERLYING LITIGATION

7.     The Claimant has on file an Amended Class Action Complaint against Tony's in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under Cause No. 18 CH 15728. A true and correct copy of the aforesaid Amended Class Action Complaint is attached hereto, made a part hereof and is marked as Pleading Exhibit D. The action was initiated with a Class Action Complaint filed on December 19, 2018, in which action Tony's, through counsel, appeared on January 14, 2019, after service of process on January 8, 2019. State Auto received its first notice of the suit against Tony's on September 8, 2020.

8.     The Claimant seeks damages from Tony's for its alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 et seq. ("BIPA"). The Claimant alleges that as an employee of Tony's her fingerprints were scanned, and that Tony's violated BIPA's provisions relating to the collection of biometric data when it scanned her fingerprints and that it violated BIPA's provisions relating to the disclosure of biometric data when it disclosed her biometric information to a third party vendor,

3

Kronos. The Amended Class Action Complaint contains three counts, each alleging that Tony's violated BIPA for which statutory damages and attorney's fees are sought for alleged failure to properly inform the Claimant and others in writing of the specific purpose and length of time for which her fingerprints were being collected, stored and used; failure to receive a written release from the Claimant and others to collect, store or otherwise use her fingerprints; failure to provide a publicly available retention schedule and guidelines for permanently destroying the Claimant's and others' stored fingerprints; and failure to obtain consent from the Clamant and other employees to disclose, redisclose or otherwise disseminate her fingerprints to a third party, all of which more fully appears in Pleading Exhibit D attached hereto.

**TENDER OF DEFENSE**

9.     Tony's tendered its defense to State Auto, and State Auto accepted that tender from September 8, 2020 forward subject to reservation for the reasons stated herein.

**COUNT I**
**(DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND 2013/14 POLICY)**

10.     State Auto adopts and repeats the allegations of ¶¶ 1 through 9 as and for ¶ 10 hereof as though the same were fully set forth herein.

11.     While the initial State Auto policy, Pleading Exhibit A, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimant are not covered by the policy of insurance.

4

12.    State Auto contends that it has no duty or obligation to defend Tony's in connection with the claims made against it by the Claimant for one or more or all of the following reasons:

      (a)    That the Amended Complaint does not allege "bodily injury" as defined by the policy of insurance.

      (b)    That the Amended Complaint does not allege "property damage" as defined by the policy of insurance.

      (c)    That the Amended Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

      (d)    That the Amended Complaint does not allege an "occurrence" as defined by the policy of insurance.

      (e)    That the policy issued to Tony's does not cover claims for alleged violations of the Illinois Biometric Information Privacy Act pursuant to an endorsement that excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.[1] Ex. A at 178.

      (f)    That the policy issued to Tony's does not cover claims for "bodily injury," "property damage," or "personal and advertising injury" arising out of employment-related

---

[1] State Auto raises this defense as a good faith challenge to existing law. *West Bend Mutual Ins. Co. v. Krishna Schaumburg, Inc*., 2020 IL App (1st) 191834.

5

practices, and all of the complained of violations of BIPA were employment-related practices. Ex. A at 180.

(g)     That the policy excludes any obligation of Tony's under a workers' compensation law or any similar law and Tony's contends that the Workers' Compensation Act provides the exclusive remedy for an employee's BIPA claim.

13.     The above contentions of State Auto are, on information and belief, denied by Tony's which, in turn, contends that Tony's is entitled to coverage under the State Auto policy of insurance. State Auto, in turn, denies, the contrary contentions of Tony's and each of them.

14.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

**COUNT II**
**(DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND 2014/15 POLICY)**

15.     State Auto adopts and repeats the allegations of ¶¶ 1 through 9 as and for ¶ 15 hereof as though the same were fully set forth herein.

6

16.    While the State Auto renewal policy, Pleading Exhibit B, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimant are not covered by the policy of insurance.

17.    State Auto contends that it has no duty or obligation to defend Tony's in connection with the claims made against it by the Claimant for one or more or all of the following reasons:

(a)    That the Amended Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)    That the Amended Complaint does not allege "property damage" as defined by the policy of insurance.

(c)    That the Amended Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)    That the class action claimant does not allege an "occurrence" as defined by the policy of insurance.

(e)    That the policy issued to Tony's does not cover claims for alleged violations of the Illinois Biometric Information Privacy Act pursuant to an endorsement that excludes coverage for violations of a State statute that prohibits or

limits the sending, transmitting, communicating, or distribution of material or information.[2] Ex. B at 199.

(f)     That the policy issued to Tony's does not cover claims for "bodily injury," "property damage," or "personal and advertising injury" arising out of employment-related practices and all of the complained of violations of BIPA were employment-related practices. Ex. B at 201.

(g)     That the alleged violations of the Illinois Biometric Information Privacy Act do not come within the Data Compromise Plus endorsement because there is no allegation of a "personal data compromise" and the conditions required for that coverage have not been alleged by the Claimant. Ex. B at 170.

(h)     That the policy excludes any obligation of the insured under a workers' compensation law or any similar law and Tony's contends that the Workers' Compensation Act provides the exclusive remedy for an employee's BIPA claim.

18.     The above contentions of State Auto are, on information and belief, denied by Tony's which, in turn, contends that Tony's is entitled to coverage under the State

---

[2] State Auto raises this defense as a good faith challenge to existing law. *West Bend Mutual Ins. Co. v. Krishna Schaumburg, Inc.*, 2020 IL App (1st) 191834.

Auto policy of insurance. State Auto, in turn, denies, the contrary contentions of Caputo's and each of them.

19.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT III
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND 2015/16 POLICY)

20.     State Auto adopts and repeats the allegations of ¶¶ 1 through 9 as and for ¶ 20 hereof as though the same were fully set forth herein.

21.     While the State Auto renewal policy, Pleading Exhibit C, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimant are not covered by the policy of insurance.

22.     State Auto contends that it has no duty or obligation to defend Tony's in connection with the claims made against it by the Claimant for one or more or all of the following reasons:

      (a)     That the Amended Complaint does not allege "bodily injury" as defined by the policy of insurance.

(b)     That the Amended Complaint does not allege "property damage" as defined by the policy of insurance.

(c)     That the Amended Complaint does not allege "personal and advertising injury" as defined by the policy of insurance.

(d)     That the class action claimant does not allege an "occurrence" as defined by the policy of insurance.

(e)     That the policy issued to Tony's does not cover claims for alleged violations of the Illinois Biometric Information Privacy Act pursuant to an endorsement that excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.[3] Ex. C at 208.

(f)     That the policy issued to Tony's does not cover claims for "bodily injury," "property damage," or "personal and advertising injury" arising out of employment-related practices and all of the complained of violations of BIPA were employment-related practices. Ex. C at 210.

(g)     That the alleged violations of the Illinois Biometric Information Privacy Act do not come within the Data Compromise Plus endorsement because there is no allegation

---

[3] State Auto raises this defense as a good faith challenge to existing law. *West Bend Mutual Ins. Co. v. Krishna Schaumburg, Inc.*, 2020 IL App (1st) 191834.

of a "personal data compromise" and the conditions required for that coverage have not been alleged by the Claimant. Ex. C at 240.

(h)    That the policy excludes any obligation of the insured under a workers' compensation law or any similar law and Tony's contends that the Workers' Compensation Act provides the exclusive remedy for an employee's BIPA claim.

(i)    That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the access to or disclosure of personal information exclusion endorsement to the State Auto policy. Ex. C at 212.

23.    The above contentions of State Auto are, on information and belief, denied by Tony's which, in turn, contends that Tony's is entitled to coverage under the State Auto policy of insurance. State Auto, in turn, denies, the contrary contentions of Caputo's and each of them.

24.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

11

## COUNT IV
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

25.     State Auto adopts and repeats the allegations of ¶¶ 1 through 24 as and for ¶ 25 hereof as though the same were fully set forth herein.

26.     While the State Auto policies, Pleading Exhibits A, B and C, extend coverage to an "insured" for "bodily injury," "property damage" and "personal and advertising injury" as defined therein, the claims in the underlying class action by the Claimant involve an action filed on December 19, 2018, in which action Tony's appeared on January 14, 2019 following service of process on January 8, 2019, which action was known to Tony's, but not reported by it to State Auto until September 8, 2020, almost two years later.

27.     State Auto learned of the suit for the first time on September 8, 2020 when it received a copy of the Class Action Complaint, but not the Amended Class Action Complaint which had been on file since April 19, 2019, and request for a defense and indemnity for Tony's.

28.     State Auto contends that Tony's is not entitled to any coverage under the State Auto policies because it breached each policy's notice of suit condition as first notice almost two years after filing and an appearance by Tony's through counsel is not prompt, not reasonable under the circumstances, and may have prejudiced State Auto. See Ex. A at 173; Ex. B at 194; Ex. C at 203.

29.     The above contentions of State Auto are, on information and belief, denied by Tony's which in turn, contends that it is entitled to coverage under the State Auto

policies of insurance. State Auto, in turn, denies the contrary contentions of Tony's and each of them.

30.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT V
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND UMBRELLA POLICIES)

31.     State Auto adopts and repeats the allegations of ¶¶ 1 through 24 as and for ¶ 31 hereof as though the same were fully set forth herein.

32.     While the State Auto renewal policy, Pleading Exhibit B, extends coverage to an insured for "bodily injury," "property damage," and "personal and advertising injury," as defined therein, the claims in the underlying action by the Claimant are not covered by the policy of insurance. See Ex. A at 244; Ex. B at 276; Ex. C at 297.

33.     State Auto contends that it has no duty or obligation to defend Tony's in connection with the claims made against it by the Claimant for one or more or all of the following reasons:

        (a)     That the Amended Complaint does not allege "bodily injury" as defined by the policies of insurance.

13

(b) That the Amended Complaint does not allege "property damage" as defined by the policies of insurance.

(c) That the Amended Complaint does not allege "personal and advertising injury" as defined by the policies of insurance.

(d) That the Amended Complaint does not allege an "occurrence" as defined by the policies of insurance.

(e) That the policies issued to Tony's do not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to an endorsement that excludes coverage for violations of a State statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f) That the policies issued to Tony's do not cover claims for "bodily injury," "property damage," or "personal and advertising injury" arising out of employment-related practices, and each of the alleged BIPA violations is an employment-related practice as scanning and storing fingerprints of the Claimant and others was an employment requirement to use the timekeeping system maintained by Tony's.

(g)     That the policies issued to Tony's exclude any obligation of the insured under a workers' compensation law or any similar law.

34.     The above contentions of State Auto are, on information and belief, denied by Tony's which, in turn, contends that Tony's is entitled to coverage under the State Auto policy of insurance. State Auto, in turn, denies, the contrary contentions of Caputo's and each of them.

35.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## COUNT VI
### (REIMBURSEMENT OF DEFENSE COSTS)

36.     State Auto adopts and repeats the allegations of ¶¶ 1 through325 as and for ¶ 36 hereof as though the same were fully set forth herein.

37.     The State Auto policies provide in an endorsement that should a Court determine that the policy does not apply and that State Auto has no duty to defend, then State Auto is entitled to be reimbursed by Tony's for the defense costs incurred.

Specifically, the endorsement provides as follows (Ex.A at 157; Ex. B at 185; Ex. C at 240):

### ILLINOIS CHANGES – DEFENSE COST REIMBURSEMENT

> This endorsement modifies the following insurance provided under the following when written as a part of a Commercial Package Policy containing liability coverage:
>
>         *    *    *    *    *
>
> B.    In event a claim or "suit" seeks damages to which this insurance arguably may not apply, we will, at our option:
>
>     1.    Provide the insured with counsel and enter a defense of such claim or "suit" while proceeding to investigation the factual situation;
>
>     2.    Pursue these courses of action without waiving any rights and without prejudice to us or to the insured;
>
>     3.    Seek a "declaratory judgment" as to what our obligations are under the circumstances; (sic)
>
> C.    Should a court determine that the insurance does not apply and that we therefore had no duty to defend such claim or "suit", we may:
>
>     1.    Withdraw from the defense of any such "suit" and afford the insured no further defense or other benefits related to such claim or "suit"; and
>
>     2.    Be entitled to reimbursement from the insured after the insured is notified in writing, for all amounts paid by us for the defense provided in the underlying "suit" which we had no contractual duty to provide (other than by the terms of this endorsement).

3. Neither party shall have the right to seek reimbursement of any amount or expenses paid by that party associated with the "declaratory judgment".

D. The following Definition is added:

"Declaratory judgment" means a judicial proceeding, including possible appeals there from, ultimately leading to a judgment intended to determine litigants' rights that were previously uncertain or doubtful.

\* \* \* \* \*

38. In its reservation of rights letter to Tony's, State Auto advised that there may be no coverage and in the event that there was a declaration of no insurance coverage, that State Auto would seek to be reimbursed by Tony's for all of the defense costs paid by State Auto pursuant to the reservation of rights.

39. Upon entry of a judgment that State Auto has no duty to defend Tony's for the underlying action, Tony's has an obligation to reimburse State Auto for the amount paid by State Auto to defend it for the action brought by the Claimant, pursuant to contract and to avoid an unjust enrichment.

## PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, State Automobile Mutual Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

## AS TO COUNT I:

A. That State Automobile Mutual Insurance Company has no duty or obligation to provide a defense to Tony's Finer Foods Enterprises,

Inc., Tony's Finer Foods No. 6, Inc., and Tony's Finer Foods No. 9, Inc. for the action filed in the Circuit Court of Cook County, Illinois, under Cause No. 18 CH 15728, under its Commercial General Liability policy of insurance numbered PBP 2619871-02.

B.   That the Court grant State Automobile Mutual Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.   That State Automobile Mutual Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

**AS TO COUNT II:**

A.   That State Automobile Mutual Insurance Company has no duty or obligation to provide a defense to Tony's Finer Foods Enterprises, Inc., Tony's Finer Foods No. 6, Inc., and Tony's Finer Foods No. 9, Inc. for the action filed in the Circuit Court of Cook County, Illinois, under Cause No. 18 CH 15728, under its Commercial General Liability policy of insurance numbered PBP 2619871-03.

B.   That the Court grant State Automobile Mutual Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.      That State Automobile Mutual Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT III:

A.      That State Automobile Mutual Insurance Company has no duty or obligation to provide a defense to Tony's Finer Foods Enterprises, Inc., Tony's Finer Foods No. 6, Inc., and Tony's Finer Foods No. 9, Inc. for the action filed in the Circuit Court of Cook County, Illinois, under Cause No. 18 CH 15728 under its policy of insurance numbered PBP2619871-04.

B.      That the Court grant State Automobile Mutual Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.      That State Automobile Mutual Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT IV:

A.      That State Automobile Mutual Insurance Company has no duty or obligation to provide a defense to Tony's Finer Foods Enterprises, Inc., Tony's Finer Foods No. 6, Inc., and Tony's Finer Foods No. 9, Inc. for the action filed in the Circuit Court of Cook County, Illinois,

under Cause No. 18 CH 15728 under its policy of insurance numbered PBP2619871.

B.       That the Court grant State Automobile Mutual Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.       That State Automobile Mutual Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## AS TO COUNT V:

A.       That State Automobile Mutual Insurance Company is entitled to be reimbursed by Tony's Finer Foods Enterprises, Inc., Tony's Finer Foods No. 6, Inc. and/or Tony's Finer Foods No. 9, Inc. for the amount expended by State Automobile Mutual Insurance Company to defend each of them in the action brought by the underlying Claimant in the Circuit Court of Cook County, Illinois under Cause No. 18 CH 15728.

B.       That the Court grant State Automobile Mutual Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.       That State Automobile Mutual Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT VI:

A.      That State Automobile Mutual Insurance Company is entitled to be reimbursed by Tony's Finer Foods Enterprises, Inc., Tony's Finer Foods No. 6, Inc. and/or Tony's Finer Foods No. 9, Inc. for the amount expended by State Automobile Mutual Insurance Company to defend each of them in the action brought by the underlying Claimant in the Circuit Court of Cook County, Illinois under Cause No. 18 CH 15728.

B.      That the Court grant State Automobile Mutual Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C.      That State Automobile Mutual Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

*/s/   Robert Marc Chemers*
Robert Marc Chemers
Bar Number: 0431508
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606
Telephone:      (312) 578-7548
Fax:             (312) 346-8242
E-Mail:  rchemers@pretzelstouffer.com
